UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Simmons, Inc., a Utah Corporation,

Plaintiff,

vs. ORDER

Koronis Parts, Inc.,

Defendant. Civ. No. 00-1984(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 6th day of December, 2000.

* * *

On October 12, 2000, the Defendant, which then appeared in this matter without counsel admitted to practice in this District, filed a Motion for Change of Venue, seeking to have this matter transferred to the Third or Fourth Division of this Court. The Motion was signed by the President of the Defendant, who did not identify himself as an attorney, let alone one who is admitted to practice in this Court. Of course, a nonlawyer may not represent a corporation. See, Simitar Entertainment, Inc. v. Silva Entertainment, 44 F. Supp.2d 986, 990 (D. Minn. 1999)(a corporation may not be represented pro se, or by a lay person, in legal proceedings), citing, in turn, Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996)(explaining that corporation

DEC 06 2000
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK J.H.

was technically in default from the date that its counsel was permitted to withdraw without substitution); see also, United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993); Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2nd Cir. 1991).

Notwithstanding its obvious failure to comply with our Local Rules, see D. Minn. LR7.1,[1] we allowed the Defendant's Motion to remain docketed, as the Defendant was then unrepresented by local counsel. On November 30, 2000, the Defendant filed a Notice of Substitution of Counsel, which reflects that counsel, who are admitted to practice in this District, now represent the Defendant's legal interests in this proceeding. On that same date, not knowing of the substitution of counsel, we issued a Notice of a Hearing on the Motion, to be conducted on December 12, 2000, in the United States Courthouse in Fergus Falls, Minnesota. By letter dated December 5, 2000, counsel for the Plaintiff advised, that the Defendant did not oppose the Motion, and suggested that the need for the Hearing was thereby obviated.

We agree that a Hearing is unnecessary, but for different reasons. While we may be indulgent with the failure of a pro se

[1]Without cataloguing the deficiencies in the Defendant's Motion, we would note that no Hearing date was included, nor was the Motion supported by any reasoned Memorandum, or other document. Absent our Notice of a Hearing, the Motion would have remained dormant until activated with a Court-sanctioned Hearing date.

litigant to faithfully adhere to certain procedural rules, we hold counsel to a more exacting standard, and we conclude that our Notice of Hearing was improvidently issued, and we strike the Motion from our Calendar for noncompliance with the Local Rules. Even if we were overly indulgent, and overlooked the obvious procedural defects in the Motion, we would be without a principled basis to grant a change of venue, as the Plaintiff's Motion papers are also sadly wanting in substance. See, Title 28 U.S.C. §1404(a) and (b); Durabla Manufacturing Co. v. Continental Casualty Co., 1998 WL 957250 *2 (D. Minn. 1998). Congress has directed that, as to matters properly venued in the Sixth Division -- as is the case here -- "Court * * * shall be held in Fergus Falls, Minnesota." Title 28 U.S.C. §103(6). Apart from their desire to have this matter tried elsewhere, the parties offer nothing to warrant the Court's exercise of discretion in selecting a different venue within this District.[2]

---

[2]We would add that the practical effect of granting the Motion seems uncertain. As the Court that administers cases in the Sixth Division, we routinely allow appearances by telephone, when circumstances allow. If, following the pretrial processing of this case, the parties wish to have the matter tried in a different Division than the Sixth, that preference should be expressed to the Trial Court. A change of venue would not impact upon the location, within the Sixth Division, of relevant witnesses, and documents, nor would it necessarily impact upon the obligation to take the depositions of nonparty witnesses in the Counties in which they reside or work.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion for a Change of Venue [Docket No. 25] is STRICKEN as being in noncompliance with D. Minn. LR7.1.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE