UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Simmons, Inc., a Utah
Corporation,

Plaintiff,

vs. MINUTE ORDER

Koronis Parts, Inc.

Defendant. Civ. No. 00-1984 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 3rd day of April, 2001.

I. Introduction

On April 2, 2001, the Court heard argument on the Defendant's Informal Motion to Compel. At the time of the Hearing, the Plaintiff appeared by Alan M. Anderson, Esq., and the Defendant appeared by David R. Fairbairn, Esq. For the reasons expressed at the Hearing, and briefly summarized below, the Defendant's informal Motion is granted in part, and denied in part.

II. Factual and Procedural Background

This action was commenced when the Plaintiff filed a Complaint in the United States District Court for the District of Utah. Subsequently, the Plaintiff's Complaint was dismissed because of a lack of personal jurisdiction over the Defendant in that forum and, thereafter, the Plaintiff filed his action in the District of

FILED APR - 3 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Idaho, where, upon the Defendant's Motion, the matter was transferred to the District of Minnesota, pursuant to Title 28 U.S.C. §1404(a). The Plaintiff has elected to proceed with its litigation in this District.

III. Discussion

The Defendant's informal Motion to Compel involves several discovery disputes concerning the location of the depositions of the Plaintiff's corporate representatives, and the scope of document discovery. Since they involve distinctly different issues, we address them separately.

A. The Location of Depositions. The Defendant requests that we direct that its depositions of the Plaintiff's corporate representatives be taken in this District, since this is the appropriate venue for the Plaintiff's claims. Specifically, the Defendant has noticed a Rule 30(b)(6) deposition of the Plaintiff Simmons, Inc., as well as individual depositions for two of the Plaintiff's directors, Verlin Simmons and Val Simmons. The Plaintiff urges that the depositions proceed where the deponents live, and work, in the District of Utah. The Defendant counters that the Plaintiff should be required to produce the deponents in the District of Minnesota, because that is where the Plaintiff has chosen to proceed with the prosecution of its claims against the Defendant. In Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minne-sota, 187 F.R.D.

578, 587-588 (D. Minn. 1999), we addressed a similar issue as follows:

> As a threshold matter, a distinction should be drawn between [a corporation's] ordinary employees, and its directors, officers, and other high-level representatives. "Except where the employee has been designated by the corporation under Rule 30(b)(6)," or is an officer, director, or managing agent, "an em ployee is treated in the same way as any other witness," and "[h]is or her presence must be obtained by subpoena rather than notice * * *." Wright, Miller & Marcus, 8A Federal Practice & Procedure: Civil 2d § 2103, pp. 36-37. Thus, ordinary employees are subject to the general rule that a deponent should be deposed near his or her residence, or principal place of work. See, e.g., Metrex Research Corp. v. United States, 151 F.R.D. 122, 125 (D. Colo.1993); see also, Rule 45(c)(3)(A)(ii), Federal Rules of Civil Procedure (directing Court to quash or modify subpoena if it "requires a person who is not a party or an officer of a party to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business in person"). [A corporation's] obligation to produce certain of managing agents for depositions in this District, does not trump the right of its lower level employees to insist on being deposed in the State of their residence, or their principal place of employment.
>
> As to [a corporation's] officers, directors, managing agents, and Rule 30(b)(6) designees, there is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has

> had no choice in selecting the action's venue. See, e.g., General Houses v. Marloch Manufacturing Corp., 239 F.2d 510, 514 (2nd Cir. 1956); Gibbs v. National R.R. Passenger Corp., 170 F.R.D. 452, 453 (N.D. Ind. 1997); South Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd, 993 F.2d 878 (3rd Cir.1993).
>
> At best, however, this is a general rule which is subject to exception, when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff, and its agents, outside of the forum District. See, Federal Practice & Procedure: Civil 2d §2112 at 77-81, and cases cited therein. In the final analysis, our selection of the forum for a plaintiff's deposition should not be rigidly formulaic for, in the interests of justice, we have "great discretion in designating the location of taking a deposition," Thompson v. Sun Oil Co., 523 F.2d 647, 648 (8th Cir. 1975), and that discretion must be directed toward "consider[ing] each case on its own facts and the equities of the particular situation." Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381, 383 (M.D.N.C. 1988), citing Leist v. Union Oil Co., 82 F.R.D. 203 (E.D. Wis. 1979).

Here, the exception, and not the general rule, should govern the location of the Defendant's depositions of the Plaintiff's witnesses. Given the circumstances presented, that location is properly in Providence, Utah, where the witnesses work and reside.[1]

---

[1]As noted by Wright, Miller & Marcus, 8A Federal Practice & Procedure: Civil 2d § 2112, pp. 79:

(continued...)

In applying the general rule, that a plaintiff should make itself available for a deposition in the District in which the suit was commenced, "a court may consider external constraints on the plaintiff's choice of forum." Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 593 (S.D.N.Y. 1994), citing Ellis Air Lines v. Bellanca Aircraft Corp., 17 F.R.D. 395, 396 (D. Del. 1955) ("There is a principle that a plaintiff having selected a particular forum for the adjudication of his case should be prepared to answer a notice of deposition in that locality," and "[t]his principle loses some weight where the plaintiff has no choice of forum but, as here, must bring his suit in one particular jurisdiction or none at all"); Kovalsky v. Avis Rent-A- Car, Inc., 48 F.R.D. 453, 454 (D.P.R. 1969); Imperial Chems. Indus., PLC v. Barr Lab., Inc.,

---

[1](...continued)

> The basis for requiring [a] plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum. This argument is of lessened persuasiveness with the growing use of motions under Section 1404(a) of the Judicial Code to transfer litigation to a more convenient forum. If plaintiff has sued in a court far distant from home because the transactions in question occurred in that district, and a suit elsewhere would probably have been transferred in any event, the usual rule requiring plaintiff to come to the forum from his or her deposition seems inappropriate.

Id., citing O'Hara v. U.S. Lines Co., 164 F. Supp. 549 (D.C.N.Y. 1958).

126 F.R.D. 467, 472 (S.D.N.Y. 1989)("[T]he rationale of [the general rule] has little force in a case arising under 21 U.S.C. §355(j), where the choice of forum is effectively dictated by the defendant"); Operative Plasterers' & Cement Masons' Int'l Ass'n v. Benjamin, 144 F.R.D. 87, 91 (N.D. Ind. 1992); 8 Wright & Miller §2112 at 409 ("And if plaintiff had no choice of forum to begin with, there seems very little reason to give weight to his selection of the forum as against facts indicating that another place for taking the deposition would be more just").[2] Underlying the general rule appears to be presumption that it is the plaintiff who exercises the first choice as to the forum, whereas "the defendants, on the other hand, are not before the court by choice." Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y.

---

[2]See also, Endte v. Hermes Export Corp., 20 F.R.D. 162, 164 (S.D.N.Y. 1957), where the Court observed:

> In the case at bar there are special circumstances indicating that plaintiff should not be compelled to come to New York unless it be shown that written interrogatories are inadequate for defendants' legitimate purposes. Plaintiff apparently had no choice of forum. There is no showing that he could have obtained jurisdiction over defendants elsewhere or pursued his remedy against them anywhere other than in this district where they resided and did business. Unless he brought suit against them here he may well have been without remedy for the egregious wrongs which he claims were committed against him.

1989), quoting Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987). As such, "[w]here this factual premise is attenuated, the presumption is weakest." Id., citing South Seas Catamaran, Inc. v. M/V "LEEWAY," 120 F.R.D. 17, 21 (D. N.J. 1988) (consideration given to whether plaintiff is "de facto defendant"); Pinkham v. Paul, 91 F.R.D. 613, 614-15 (D.Me. 1981)(defendant asserting non-compulsory counterclaim may be considered as plain-tiff for site of deposition). This is such a case.

Here, the Plaintiff had no genuine choice of forum, because the Defendant initiated the transfer of this litigation from the District of Idaho pursuant to Title 28 U.S.C. §1404(a). Although the Plaintiff initiated the litigation, it was ultimately the Defendant who determined that it should proceed in this District. Furthermore, the Plaintiff had little choice but to proceed in this forum, in order to prosecute its claims, as the Defendant is not subject to personal jurisdiction in the Plaintiff's home State of Utah. Thus, the usual rule has little force here and, therefore, other factors must be addressed in order to determine the proper location of the deposition site.

"Customarily, the deposition of an organization, through its officers or agents, should be taken at its principal place of business, unless justice requires otherwise." Operative Plasterers' & Cement Masons' Intern. Ass'n of U.S. and Canada AFL CIO v.

Benjamin, 144 F.R.D. 87, 91 (N.D. Ind. 1992), citing Moore v. Pyrotech Corp., 137 F.R.D. 356, 357 (D. Kan. 1991); Dollar Systems, Inc. v. Tomlin, 102 F.R.D. 93 (M.D. Tenn. 1984); Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31, 32 (D. Tenn.1981); see also, Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). As we expressed at the Hearing, the convenience of the parties suggests that the depositions of the Plaintiff's representatives should take place in Providence, Utah.

Were the depositions to be conducted in Minnesota, several of the Plaintiff's principal employees would be removed from the daily business operations of the Plaintiff for several days. Further, by conducting the depositions at the Plaintiff's corporate headquarters, the deponents will have access to documents, and such other business information, that may assist in responding to the course of deposition questioning. Moreover, taking the depositions in Utah will lessen the expense of that discovery for the Plaintiff and will not unduly increase the expense for the Defendant. As such, the Defendant's informal Motion to Compel the Plaintiff to conduct these depositions in Minnesota, is denied.

B. The Document Requests. The Defendant has requested a variety of documents from the period of 1990 to the present. These documents are related to advertising and marketing, communications with advertisers, and sales and marketing activities. According to

the Defendant, these documents are relevant to the issues of patent invalidity, obviousness, reasonable royalties, and lost profits.

In response to these document requests, the Plaintiff has produced the requested documents for the period of January 1, 1995, to the present. The Plaintiff has also agreed to produce documents related to the advertising of the patented invention for the one-year period preceding the filing of its patent application which, at least by some accounts, occurred in December of 1992. However, the Plaintiff has refused to produce documents for the period from 1992-1995, as it feels that producing these documents would be unduly burdensome.

The threshold requirement of discoverability is whether the information sought is "relevant to the subject matter involved in the pending action." Shelton v. American Motors, 805 F.2d 1323, 1326 (8th Cir. 1986). Of course, to be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Federal Rules of Civil Procedure. The standard, therefore, is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts. See, Hofer v. Mack Trucks, Inc., 981 F.2d 377, 382 (8th Cir. 1992); Leighr v. Beverly Enterprises-Kansas, Inc., 164 F.R.D. 550 (D. Kan. 1996); Cox v. E.I. Du

Pont de Nemours & Co., 38 F.R.D. 396, 398 (D.S.C. 1965). Notwithstanding the liberality of discovery, however, it is not without bounds. As our Court of Appeals has observed:

> [T]his often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer v. Mack Trucks, supra at 380.

Therefore, despite the liberality of discovery, we will remain reluctant to allow any party to "roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Carlson Cos., Inc. v. Sperry & Hutchinson Co., 374 F. Supp. 1080, 1089 (D. Minn. 1974); see also, Blum v. Schlegel, 150 F.R.D. 38, 39 (W.D.N.Y. 1993).

As we expressed at the Hearing, in our view, the documents that have been requested by the Defendant are relevant to the issue of whether the Plaintiff's invention was described in a printed publication in this country, or in public use or on sale in this country, more than one year prior to the date of the Plaintiff's original application for patent. See, Title 35 U.S.C. §102(b). As noted by the Defendant, several of the Plaintiff's advertisements have referenced the year of 1991, as the year in which the Plain-

tiff's invention found extensive use by the public market. Consequently, any documents from the period beginning in January of 1991, which may be relevant to patent invalidity, as expressed in Section 102(b) of the patent statute, must be produced. If this directive proves to be unduly burdensome, the Plaintiff is at liberty to make that showing to the Court.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's informal Motion to Compel is granted in part, and denied in part, as more fully detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE