UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Simmons, Inc., a Utah Corporation,

Plaintiff,

vs. MINUTE ORDER

Koronis Parts, Inc.

Defendant. Civ. No. 00-1984 (ADM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 10th day of May, 2001.

* * *

On May 8, 2001, the Court heard argument on the Defendant's Motion to Amend the Pleadings. At the time of the Hearing, the Plaintiff appeared by Cynthia M. Klaus, Esq., and the Defendant appeared by Michael J. Pape, Esq. For reasons which follow, the Defendant's Motion is granted.

By this Motion, the Defendant seeks leave to amend its Answer to the Plaintiff's Complaint, in order to assert the affirmative defense of inequitable conduct. The asserted justification for the Motion is the Plaintiff's purportedly dilatory response to the Defendant's discovery requests. Specifically, during discovery, the Defendant requested several documents for the period from 1990 to the present, which were related to advertising and marketing, to

FILED MAY 10 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

communications with advertisers, and to sales activities. According to the Defendant, these documents were relevant to the issues of patent invalidity, obviousness, reasonable royalties, and lost profits.

In response to these document requests, the Plaintiff initially produced the requested documents for the period from January 1, 1995, to the present, but refused to produce documents for the period from 1992-1995. Subsequently, after the parties drew us into the dispute, we directed the Plaintiff, in April of this year, to produce any relevant documents from the period beginning in January of 1991, which were pertinent to patent invalidity, as expressed in Section 102(b) of the patent statute. See, Order dated April 3, 2001.

According to the Defendant, on April 10, 2001, the Plaintiff produced the documents for the period from January of 1991, to December of 1994. Thereafter, during the depositions of the Plaintiff's officers, which were conducted on April 18 and 19, 2001, Verlin M. Simmons ("Simmons") -- who is the inventor of the '594 patent -- is said to have testified that several of the newly produced documents disclosed sales of the invention, which is embodied in the '594 patent, from as early as January 3, 1993, which was over a year prior to the March 15, 1994, filing date of the application for the '594 patent. As such, the Defendant now

requests that it be allowed to amend its Answer to include the defense of inequitable conduct, assertedly arising from the Plaintiff's claimed failure to disclose commercial offers for sale, and sales of the invention disclosed in the '594 patent, more than one year prior to the application date for the patent.[1]

As argued by the Defendant, because the Plaintiff was tardy in providing responses to its discovery requests, it was unable to ascertain whether there was a good faith factual basis upon which to proceed with a defense of inequitable conduct, by the deadline for amending the pleadings that is contained within our Pretrial Scheduling Order. The Defendant urges that the Plaintiff's dilatory discovery provides "good cause" to warrant an extension in the deadline for amendments to the pleadings, so as to allow it to plead an inequitable conduct defense. We agree.

---

[1]According to the Defendant, the Plaintiff's sales, from 1993, invalidate the '594 patent under Title 35 U.S.C. §102(b), and the failure to disclose them to the U.S. Patent and Trademark Office constitutes inequitable conduct. Title 35 U.S.C. §102(b) provides as follows:

> A person shall be entitled to a patent unless--
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States * * *.

According to our Amended Pretrial Schedule, which is dated November 15, 2000, the deadline for amending the pleadings expired on January 1, 2001. As such, this Motion is governed by Rule 16(b), of the Federal Rules of Civil Procedure. As we have recently reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1983 Amendment; see also, Julian v. Equivax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the nonmoving party. Luigino's Inc. v. Pezrow Cos., [178 F.R.D. 523], at 525 [(D. Minn. 1998)].

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 632 (D. Minn. 2000).[2]

---

[2]Our Court of Appeals has recently the emphasized the importance of adhering the deadlines of a Court's Scheduling Order:

> It is true that the Federal Rules are usually liberally construed to permit parties to amend pleading, add additional parties and to similarly control the pace of litigation.

(continued...)

In our considered view, the Defendant's inability to gather information relevant to the affirmative defense of inequitable conduct was in no small part the product of the Plaintiff's refusal to allow discovery prior to 1995. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Bradford v. DANA Corporation, 2001 WL 422393 *2 (8th Cir. April 13, 2001), citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Here, the Defendant was unable to adhere to the deadline for amendments to pleadings because the requisite

---

[2](...continued)

> See, e.g., Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir. 1999), cert. denied., 121 S.Ct. 176 (2000); Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir. 1996). As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them. In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999), cert. denied sub nom., Rainy Lake One Stop, Inc. v. Marigold Food, Inc., 520 U.S. 1038 (2000).

Bradford v. DANA Corporation, 2001 WL 422393 *1 (8th Cir. April 13, 2001).

information, upon which to assert an inequitable conduct defense that complies with Rule 11, because of the Plaintiff's failure of discovery.[3]

While the Plaintiff contends that documents, which reveal sales of the patented invention during 1993, were produced to the Defendant in March of 2001, both sides agree that, because of the difficulties in identifying the substantive meaning of those documents, the Defendant had no concrete basis upon which to assert an inequitable conduct defense at that time. Rather, it was only after the Plaintiff was ordered to produce additional documents, and question their authors on those documents, that the basis for an inequitable conduct defense was disclosed. Of course, we are mindful of the Plaintiff's argument, that the Defendant could have used greater dispatch in contesting the Plaintiff's failure of discovery, and in earlier noting the depositions of the inventor of the Patent, but the prime reason for the delay involved here is the Plaintiff's failure to disclose relevant information. Therefore, we find "good cause" to warrant an amendment to the Defendant's Answer so as to plead the defense of inequitable conduct. In doing so, we hold the Defendant to its word, that the particulars of that

---

[3]In addition, both sides agree that fact discovery for this case did not begin in earnest until November of 2000, at which time the parties' jurisdictional disputes were resolved, with the case being venued in this District.

defense are contained in its proposed amendment, and that it will not subsequently attempt to broadly define the defense on the asserted basis of "notice pleading."

While the Plaintiff broadly complains of prejudice if the amendment is allowed, we find no prospect of prejudice. The predicates for an inequitable conduct defense are within the Plaintiff's sole knowledge and control, and no extended discovery is now needed to fully explore that claim, as the Defendant has limited the factual premises for the claim, thereby also negating the need for contention Interrogatories. We do agree with the Plaintiff, however, that the parties expert reports need to be supplemented and, since the Defendant bears the burden of proof on the inequitable conduct defense, its expert should first express his or her opinion on that subject, to which the Plaintiff may respond with expert opinion evidence.[4] As such, in order to facilitate the submission of supplemental expert reports, we direct the Defendant to serve its expert opinions, which are compliant with the Federal Rules of Civil Procedure, **by no later than June 1, 2001**, and the Plaintiff is directed to serve any responsive opinions, also compliant with the applicable Rules, **by no later than July 1, 2001.**

---

[4]The Plaintiff was required, by our Pretrial Scheduling Order, to submit its expert reports by April 15, 2001.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Amend the Pleadings [Docket No. 41] is GRANTED, as more fully detailed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE