UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Simmons, Inc.,

Plaintiff,

vs. ORDER

Koronis Parts, Inc.,

Defendant. Civ. No. 00-1984 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of March, 2002.

* * *

This patent infringement action was filed on August 21, 2000. On December 6, 2001, the Plaintiff sent a letter to this Court, explaining that the case had been settled. Moreover, on December 17, 2001, the District Court filed a "Minutes of Proceedings" which stated that the "Court [has] been advised that this matter [has] settled," and that "[the] case is dismissed." Docket No. 91. On March 8, 2002, however, the Plaintiff moved to enforce the settlement agreement allegedly reached by the parties. A Hearing on the Plaintiff's Motion, as well as the Defendant's Motion to withdraw attorney David Richard Fairbairn as counsel for the Defendant, is scheduled for Thursday March 28, 2002, at 10:00 o'clock a.m.

99

FILED MAR 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

At first glance, it appears to this Court that there may be an concern regarding our continuing jurisdiction over the issues raised by the Plaintiff's present Motion to enforce the settlement agreement. See, Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In Kokkonen, the Supreme Court was required to determine whether a Federal Court had the jurisdiction to enforce a settlement agreement. Id. at 377. Both the District Court, and the Court of Appeals for the Ninth Circuit, concluded that the District Court possessed the authority to enter an Order enforcing a settlement, pursuant to the Court's "inherent power" to do so. Id. The Supreme Court disagreed, however, and held that once the case was dismissed by stipulation of the parties, "[n]either [Federal Rule of Civil Procedure 41(a)(1)(ii)] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." Id. at 378. The Court specifically determined that Courts do not possess the authority to enforce a settlement agreement pursuant to their ancillary jurisdiction, unless "the parties wish to provide for the court's enforcement of a dismissal producing settlement agreement." Id. at 381. As the Court elaborated:

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitution-

> ally could) for the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.

Id. at 381.

Of course, this Court has not yet determined whether Kokkonen applies in this case but, in order to solicit the parties' full views on the potential issues before the Court, we request that they brief this particular issue. Consequently, we direct the parties to file simultaneous briefs upon the Court, stating their view about the Court's jurisdiction to hear the Plaintiff's Motion. The briefs should be no more than ten pages in length, and should be served upon the Court, by facsimile, by no later than the close of business on March 26, 2002.

NOW, THEREFORE, It is --

ORDERED:

That the parties shall simultaneously serve, on the Court, by the end of the business day on March 26, 2002, briefs of no more than ten pages in length regarding the Court's jurisdiction to hear the Plaintiff's Motion to Enforce the Settlement Agreement.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE