UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Simmons, Inc, a Utah Corporation,

Plaintiff,

vs.

ORDER
and
REPORT AND RECOMMENDATION

Koronis Parts, Inc.,

Defendants.

Civ No. 00-1984 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of April, 2002.

I. Introduction

On March 28, 2002, the Court heard arguments on the Plaintiff's Motion to Enforce Settlement Agreement, and on Defense Counsel's Motion to Withdraw as Counsel. At the time of the Hearing, the Plaintiff appeared by Alan M. Anderson, Esq., and the Defendant appeared by Douglas J. Nill, Esq.[1]

For reasons which follow, we conclude that we are without the requisite jurisdiction to consider the parties' Motions and, ac-

[1]Mr. Nill is not the Defendant's attorney of Record in the case, as his substitution has not yet been approved by the Court. See, D. Minn. LR83.7(b), requiring leave of Court when substitution occurs within 90 days, or less, in advance of a Trial. Since we lack jurisdiction to consider the Motion to Withdraw, as we detail in the text of this Order, we are not empowered to grant the leave requested by counsel who seek to withdraw.

FILED APR 08 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

110

cordingly, we deny the Motions without prejudice to their renewal, should the District Court accept our recommendation, that the Order of Dismissal be vacated, as being the product of inadvertent error. See, Rule 60(b)(1), Federal Rules of Civil Procedure.

## II. Factual and Procedural History

On August 21, 2000, the Plaintiff commenced this patent infringement action against the Defendant. On December 5, 2001, a few weeks before Trial was to commence on January 7, 2002, the parties reported having reached a settlement agreement. In letters dated December 6, 2001, to the District Court, the Honorable Ann D. Montgomery presiding, and to this Court, counsel reported that a settlement had been reached, sparing the District Court a Trial on the parties' respective claims, and sparing this Court a resolution of a number of Motions which were then pending. In the letter of Plaintiff's counsel to the District Court of December 6, 2001, the following representation was recorded:

> I am pleased to advise you that yesterday evening the parties reached a settlement in the above-referenced action, which presently is scheduled for trial commencing January 7, 2002. Accordingly, this action may be removed from the Court's trial Calendar. The parties will be preparing appropriate documentation regarding the settlement, and will shortly submit a stipulation for dismissal.

Counsel's letters to this Court, and to the District Court, were copied to Counsel for the Defendant, who did not, at any time, take exception to the representations contained in the letters.

Notwithstanding the fact that the District Court had not received the "appropriate documentation regarding the settlement," ministerially, in a Minutes of Proceedings dated December 17, 2001, the following notation was officially entered: "The Court has been advised that this matter is settled; therefore this case is dismissed." Unfortunately, while officially filed, the Minutes of Proceedings were not served upon the parties by the Clerk of Court. Although, in the course of these proceedings, the parties have strenuously disputed most every subject, they are mutually agreed that, until this Court requested, by our Order of March 21, 2002, briefing on the issue of the Court's jurisdiction, they had no notice that the case had been dismissed several months previously.

According to the parties, after reaching an accord on December 5, 2001, draft versions of the Settlement Agreement were exhanged, in an attempt to formalize the precise language of that Agreement. The Plaintiff maintains that, on January 15, 2002, the Defendant agreed to a draft Settlement Agreement that the Plaintiff then executed, and transmitted to the Defendant for execution. However, the Defendant did not sign that draft and, while acknowledging that it had agreed to a settlement with the Plaintiff, the Defendant

disputes that the draft of January 15, 2002, accurately reflected the settlement that was reached.

On March 8, 2002, the Plaintiff filed its Motion to Enforce the Settlement Agreement. Upon reviewing the Motion, we questioned whether we continued to have jurisdiction so as to entertain that Plaintiff's Motion, by virtue of the Supreme Court's holding in Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In Kokkonen, the Supreme Court held that, once a case was dismissed on the basis of a stipulation by the parties, "[n]either [Rule 41(a)(ii), Federal Rules of Civil Procedure] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." Id. at 378. The Supreme Court concluded that Federal Courts only retain jurisdiction to enforce a dismissal-producing settlement agreement, when the Order dismissing the claim expressly so provided. Id. at 381.

Since the dismissal of this case did not appear to contain any such reservation of jurisdiction, we requested the parties to address the applicability of Kokkonen, as well as the impact, if any, that the case had on our jurisdiction to hear the Plaintiff's Motion to Enforce, and the Motion of defense counsel to withdraw from their representation of the Defendant. As requested, the parties filed briefs on the jurisdictional issue.

## III. Discussion

In addition to arguing the applicability of Kokkonen, both parties ask that we vacate the dismissal of this action, on December 17, 2001, under Rule 60(b)(1), which provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect * * *.

Given the Record presented here, we conclude that a vacation of the Judgment, which followed the entry of the Order of Dismissal on December 17, 2001, is warranted.

As noted, both parties have represented that they were without notice of the dismissal of the action, and that it was not until our Order of March 21, 2002, which questioned the Court's continuing jurisdiction over the matter, that they were informed that the case had been dismissed three months before. The parties maintain that it remained their belief, consistent with their letter advisory that the case had settled, that the District Court would undertake no further act until the parties had prepared "appropriate documentation," and had submitted the same in the form of a "stipulation for dismissal." As jointly urged by the parties, it was never their intention to have the case dismissed prior to their submission of a stipulation to accomplish that effect.

Although we fault the parties, as we did at the Hearing, for failing to return to the Court more promptly, once they were experiencing difficulties in reducing their agreement to writing, we also note the Plaintiff's firm conviction, that a written agreement to settle this matter was reached on January 15, 2002, and it was not until somewhat later that the Defendant expressed objection to the written terms of that settlement. While we do not overlook the fact that the Plaintiff's Motion to Enforce was not filed until March 8, 2002 -- nearly two months after the written accord that the Plaintiff believed to exist -- we also recognize that counsel for the Defendant, who were involved in the settlement negotiations, had filed a Motion to Withdraw as counsel of Record nearly one month earlier, on February 21, 2001. We have no doubt that the logistical problems, which were fostered by the Motion to Withdraw, caused some unavoidable delay in the presentation of the Motion to Enforce.

Moreover, we are convinced that, had notice of the dismissal on December 17, 2001, been furnished to the parties, there would have been no delay in their contact with the Court to secure assistance in either reaching an accord, or in enforcing the accord which, at least in the view of the Plaintiff, was reached by the parties. Each Court in this District follows an approach unique to the Court in dismissing cases following advice from the parties

that the case had settled. Some expressly reserve jurisdiction for a specific period of time in which settlement papers can be filed with the Court, and some do not. We are not positioned to suggest that one approach should be favored over another and, here, we are satisfied that the District Court intended the Clerk's office to provide the parties with notice of the dismissal Order, as contained in the Court's official Minutes of Proceedings. Armed with such notice, we would have no occasion to recommend the vacation of that dismissal Order.

Such an inadvertent failure of notice amply warrants the relief envisioned by Rule 60(b)(1), as such relief is "grounded in equity and exists 'to preserve the delicate balance between the sanctity of final judgments * * * and the incessant command of a court's conscience that justice be done in light of all of the facts.'" <u>MIF Realty v. Rochester Associates</u>, 92 F.3d 752, 755 (8th Cir. 1996), quoting <u>Rosebud Sioux Tribe v. A & P Steel, Inc</u>, 733 F.2d 509, 515 (8th Cir. 1984). Here, absent a vacation of the final Judgment, the parties would be relegated to litigating the terms of their settlement, if one were reached, with resultant expense and delay in the final resolution of their disputed claims. Indeed, given the citizenship of these parties, we could not exclude the real possibility that, if a dispute continued, its resolution would fall upon this Court in newly filed litigation.

Accordingly, we conclude that the fairest, and most equitable approach counsels the vacation of the dismissal Order of December 17, 2001, and the final Judgment which was prompted by that dismissal.

Given our conviction that, absent a vacation of the dismissal Order, we are without jurisdiction to consider the merits of the parties' respective Motions, we can now do no more.[2] If the District Court adopts our recommendation, then we will schedule a Hearing to consider evidence concerning the existence of a Settlement Agreement and, if one is found to exist, the terms of the settlement reached.[3] Since substitute counsel have been retained

---

[2]In Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381-82 (1994), the Supreme Court explained that Federal Courts do not have inherent, ancillary jurisdiction, to enforce settlement agreements, and that such jurisdiction exists only if the obligation of the parties to comply with the terms of the settlement agreement was incorporated as a part of the Order to dismiss, such that a failure to comply with the settlement is tantamount to a violation of the Court's Order. Here, although the Minutes of Proceedings, which effected the dismissal of this case, did refer to a settlement, our Court of Appeals has held that "[a] dismissal order's mere reference to the fact of a settlement does not incorporate the settlement agreement in the dismissal order." Miener v. Missouri Department of Mental Health, 62 F.2d 1126, 1227-28 (8th Cir. 1995). Absent a vacation of the Order which divested this Court of jurisdiction, any further act on our part would, in our view, be ultra vires.

[3]In framing the issues as such, we may be overly cautious, for the Defendant also represents that a settlement was reached, and proffers a "Non-Exclusive License Agreement" as embodying that settlement. As best as we can tell, however, that License Agreement (continued...)

by the Defendant, and since current counsel of Record for the Defendant may well be called to testify at any evidentiary Hearing which may be held on the existence of a Settlement Agreement, it would be our intent to grant the Motion to Withdraw, were we jurisdictionally empowered to do so. On the other hand, if our recommendation is not adopted by the District Court, this matter is at a close, and the parties' respective Motions are mooted for want of jurisdiction.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Enforce Settlement Agreement [Docket No. 96] is DENIED as moot, but without prejudice to its reconsideration if our recommendation, concerning the vacation of the final Judgment in this matter, is adopted by the District Court.

2. That defense counsel's Motion to Withdraw as Counsel [Docket No. 92] is DENIED as moot, but without prejudice to its reconsideration if our recommendation, concerning the vacation of the final Judgment in this matter, is adopted by the District Court.

---

[3](...continued)
was only executed by the Defendant and, in any event, the Plaintiff contends that the "Non-Exclusive License" was not the entirety of the accord that the parties mutually reached.

AND, It is --

RECOMMENDED:

That the District Court vacate its dismissal of this action, which was recorded in the Minutes of Proceedings [Doc. No. 91] of December 17, 2001, and further vacate the final Judgment that was entered upon that Order of Dismissal.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 25, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than April 25, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.