**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Simmons, Inc.,
a Utah corporation,

Plaintiff,

v.

Koronis Parts, Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1984 ADM/RLE

## I. INTRODUCTION

This matter is before the undersigned United States District Judge following the April 8, 2002, Order [Doc. No. 110] and Report and Recommendation ("R&R") [Doc. No. 111] of Magistrate Judge Raymond L. Erickson. The Order denied both Plaintiff's Motion to Enforce Settlement Agreement [Doc. No. 96] and Defense Counsel's Motion to Withdraw as Attorney [Doc. No. 92] as moot for want of jurisdiction. The R&R recommended that this Court vacate its dismissal as recorded in the Minutes of Proceedings [Doc. No. 91] and "further vacate the final Judgment that was entered upon that Order of Dismissal." R&R at 10. For the reasons set forth below, this Court finds it does have jurisdiction over this matter. The Motions of Plaintiff and Defendant are to be reconsidered by the Magistrate Judge. The factual background for this matter is adequately set forth in the Order and R&R, and is incorporated by reference.

## II. DISCUSSION

In reviewing a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72 .1(b)(2). This standard of review

JUN 18 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); Banbury v. Omnitron Int'l, Inc., 818 F.Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Judge Erickson's determination that a final judgment was entered upon an order of dismissal in this case is in error; no judgment has ever issued in this matter.

The basis on which the Court entered its Minutes of Proceedings noting the settlement and dismissal of the case is a December 6, 2001, letter to the Court from Plaintiff's counsel stating that "the parties reached a settlement" and "this action may be removed from the Court's trial calendar." Anderson Aff. Ex. A. The Minutes of Proceedings were then filed on December 17, 2001, in anticipation of the expected stipulation for dismissal, and functioned to close the case for purposes of internal District Court case reports. The case was removed from the trial calendar as counsel suggested. Notice of the filing of the Minutes of Proceedings is not transmitted to the parties in the usual course of practice and this case was no exception.

"[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court . . . ." Fed. R. Civ. P. 41(a)(2). The Minutes of Proceedings do not constitute a final order of dismissal. Because no order of dismissal was filed and no stipulation of dismissal signed by both parties was forthcoming,[1] no final judgment was entered in this case. The Court's docket reflects

[1] "[A]n action may be dismissed by the plaintiff without order of court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P.

no entry of judgment. Absent a final judgment, this Court retains jurisdiction.

The parties agree a settlement was reached, but dispute that the draft Settlement Agreement properly represents the terms on which they agreed. If a settlement unravels before the original suit is dismissed, as here, "the party who seeks to keep the settlement intact may file a motion for enforcement." Sadighi v. Daghighfekr, 66 F.Supp.2d 752, 758 (D.S.C. 1999) (quoting Malave v. Carney Hosp., 170 F.3d 217, 219 (1st Cir. 1999)). Plaintiff's Motion to Enforce Settlement Agreement and Defendant's Motion to Withdraw Attorney are properly before this Court.

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), does not apply to the facts of this case. Kokkonen addressed the instance where a case had been properly dismissed on the basis of a stipulation of dismissal by the parties. The Kokkonen Court stated that enforcement of a settlement agreement after dismissal is "more than just a continuation or renewal[2] of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen, 511 U.S. at 378. The Court held that ancillary jurisdiction over a post-dismissal dispute regarding a settlement agreement exists only if the terms of the settlement agreement are made a part of the order of dismissal, by either expressly retaining jurisdiction over the agreement, or by incorporating the terms of the agreement into the order itself, such that a breach of the agreement would be a violation of the order. Id. at 380-381; Miener v. Missouri Dept. of Mental Health, 62

---

41(a)(1).

[2] Merely reopening a dismissed suit, rather than enforcement of the settlement agreement that produced the dismissal, can be accomplished under Fed. R. Civ. P. 60(b)(6). See Kokkonen, 511 U.S. at 378; Sheng v. Starkey Labs., Inc., 53 F.3d 192, 194 (8th Cir. 1995). Rule 60 does not apply to this case because the suit was never dismissed.

F.3d 1126, 1127 (8th Cir. 1995); Schaefer Fan Co. v. J & D Mfg., 265 F.3d 1282, 1286 (Fed. Cir. 2001). Absent this express[3] reservation of jurisdiction in an order of dismissal, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id. at 382.

Here, however, the stipulation of dismissal which counsel stated would be submitted "shortly" has not come to pass, thus the case has never been finally dismissed and the Court retains jurisdiction. In such a case, the alternative basis required by Kokkonen for ancillary jurisdiction over a settlement agreement *after* a dismissal is unnecessary. See Sheng v. Starkey Labs., Inc., 53 F.3d 192, 195 (8th Cir. 1995). It is well-established that a district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it.[4] Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995) (citing precedents from the 4th, 5th, 6th, 9th, 10th, 11th and D.C. Circuits). However, "a district court may only enforce *completed* settlement agreements." Id. (emphasis in original); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). When the parties dispute either the existence or terms of a settlement agreement, "the parties must be allowed an evidentiary hearing." Sheng, 53 F.3d at 194; see also Callie, 829 F.2d at 890; Kukla v. National Distillers Products, 483 F.2d 619, 622 (6th Cir. 1973). Before enforcing a settlement, a district court must conclude that agreement has been reached on all

---

[3] Under Eighth Circuit law, a mere reference to the existence of settlement does not incorporate the settlement agreement into the dismissal order. Meiner, 62 F.3d at 1127-28; Sheng, 53 F.3d at 195; Schaefer, 265 F.3d at 1286.

[4] "[T]he inherent power of a district court to enforce settlement agreements . . . presupposes the existence of federal jurisdiction over the case or controversy." Fairfax Countywide Citizens Assoc. v. County of Fairfax, Virginia, 571 F.2d 1299, 1304 (4th Cir. 1978), cert. denied, 439 U.S. 1047 (1978).

material terms. Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir. 1988) (citing Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983)).

Judge Erickson's Order dismissing Plaintiff's Motion to Enforce Settlement Agreement, and Defense Counsel's Motion to Withdraw as Attorney, is set aside under Fed. R. Civ. P. 72(a). The Court properly has jurisdiction to address each of these Motions, and both are to be reconsidered by Judge Erickson. Because a dispute over the existence or terms of the settlement agreement exists, an evidentiary hearing is appropriate to determine the terms, if any, of the settlement reached. Accordingly, the R&R is denied.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Order [Doc. No. 110] is **SET ASIDE**, pursuant to Fed. R. Civ. P. 72(a).
2. The R&R [Doc. No. 111] is **DENIED**, and
3. Plaintiff's Motion to Enforce Settlement [Doc. No. 96] and Defendant's Motion to Withdraw Attorney [Doc. No. 92] are to be reconsidered.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: June 18, 2002